IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**TAMMY A. POWELL**                                                  **PLAINTIFF**

**v.**                                             **Civil No. 3:16-cv-298-HSO-JCG**

**INTERSTATE REALTY MANAGEMENT CO., ET AL.**     **DEFENDANTS**

### REPORT AND RECOMMENDATION THAT PLAINTIFF'S APPLICATION [2] TO PROCEED *IN FORMA PAUPERIS* BE DENIED

BEFORE THE COURT is *pro se* Plaintiff Tammy Powell's Application [2] to Proceed *in forma pauperis* ("IFP") in this action. Based upon the information provided, the undersigned recommends that Plaintiff's Application [2] be denied and that Plaintiff be directed to pay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee).

### BACKGROUND

On April 22, 2016, Plaintiff filed a Complaint [1] for Violation of Fair Labor Standards together with the instant IFP Application [2]. According to the Application, Plaintiff is single and has two dependents. She is currently employed, earning $1971.20 per month. Plaintiff's Application [2] also indicates that she receives $733.00 per month in disability benefits. *Id*. at pp. 1-2. Plaintiff's assets include three separate checking accounts, with $100.00 in each and a 2014 Toyota Camry valued at $15,000.00.

Plaintiff's monthly financial obligations include $1000.00 in rent, $250.00 in utilities, $150.00 in food, $50.00 in clothing expenses, $190.00 in transportation and insurance expenses, and $50.00 in recreation and entertainment expenses. Plaintiff's monthly installment payments include: a $376.07 car payment, $50.00

capital one payment, a $90.00 furniture payment, and a $50.00 payment to U.S. Bank.

## LAW AND ANALYSIS

The Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of costs or security thereof . . . ." 28 U.S.C. § 1915(a)(1). "Section 1915(a) is intended to provide access to federal courts for plaintiffs who lack the financial resources to pay any part of the statutory filing costs." *Prows v. Kastner,* 842 F.2d 138, 140 (5th Cir. 1988).  There is no absolute right to proceed IFP, and the Court has broad discretion to deny an IFP application. *Flowers v. Turbine Support Division*, 507 F.2d 1242, 1244 (5th Cir.1975)(superseded by statute on other grounds).

In order to grant an IFP application, the Court must examine the financial condition of the applicant in order to determine whether Plaintiff "can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't Criminal Justice,* No. 95-10615, 1995 WL 696702 at *1 (5th Cir. Oct. 19, 1995)(citing *Adkins v. E.I. Du Pont de Nemours & Co.,* 355 U.S. 331, 339-40 (1948)).  "This entails a review of other demands on individual plaintiffs' financial resources, including whether the expenses are discretionary or mandatory." *Prows,* 842 F.2d at 140.

This Court as well as others have utilized the U.S. Federal Poverty Guidelines to assess an applicant's financial condition. *Young v. Citi Mortg., Inc.,*

No. 3:13cv836-DCB-MTP, 2014 WL 1883675, *2 (S.D. Miss. May 12, 2014)(collecting cases).  The federal poverty guideline for a family of three is $20,160.00 annually.  *See* Annual Update of the HHS Poverty Guidelines, 81 Fed. Reg. 4036 (Jan. 25, 2016).  Plaintiff's annual income of $32,450.40 exceeds the poverty guideline for a one-person household by $6,290.40 annually.  In addition, the undersigned notes that Plaintiff appears to have discretionary funds available inasmuch as she included a $50.00 monthly expense for recreation and entertainment purposes.  Based upon the applicable poverty guideline and the financial information provided by Plaintiff, the undersigned concludes that Plaintiff has the financial resources to pay the $400.00 civil filing fee without undue hardship or deprivation of the necessities of life.  Plaintiff should not be permitted to file this case at taxpayer expense.

## RECOMMENDATION

The undersigned recommends that:

1. Plaintiff's Application [2] to Proceed *in forma pauperis* be denied and that Plaintiff be required to prepay the $400.00 civil filing fee ($350.00 + $50.00 administrative fee); and

2. Should Plaintiff fail to timely pay the civil filing fee, this matter be dismissed without prejudice.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Local Uniform Civil Rule 72(a)(3),

> After service of a copy of the magistrate judge's report and recommendations, each party has fourteen days to serve and

> file written objections to the report and recommendations. A party must file objections with the clerk of court and serve them upon the other parties and submit them to the assigned district judge. Within seven days of service of the objection, the opposing party or parties must either serve and file a response or notify the district judge that they do not intend to respond to the objection.

L.U.Civ.R. 72(a)(3); *see* 28 U.S.C. § 636(b)(1).

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations within fourteen (14) days of being served a copy shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Automobile Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996).

**SIGNED,** this the 29th day of April, 2016.

<u>s/ John C. Gargiulo</u>
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE